PER CURIAM.
 

 Christopher T. Deale [“Husband”] appeals the trial court’s order dismissing a temporary injunction for protection against domestic violence. Husband argues that the trial court erred by finding that there was insufficient evidence to warrant the issuance of an injunction for protection against domestic violence by Diana Deale [“Wife”].
 

 In June 2010, Husband filed a petition for injunction for protection against domestic violence, alleging that he was either the victim of domestic violence or had reasonable cause to believe that he was in imminent danger of becoming such a victim because Wife “committed or threatened to commit domestic violence defined in s. 741.28, Florida Statutes ...” “previously threatened, harassed, stalked, or physically abused” him, “threatened to conceal, kidnap, or harm [his] child or children,” and “engaged in ... other behavior or conduct that le[d] ... [him] to have reasonable cause to believe he ... [was] in imminent danger of becoming a
 
 *433
 
 victim of domestic violence.” Husband specifically alleged:
 

 Since August 2008, Respondent has continuously called Petitioner, Petitioner’s supervisors, Petitioner’s co-workers, and Petitioner’s family, sometimes as often as 15 to 20 times per hour and more than 100 times per day. Respondent’s actions serve no legitimate purpose, and her actions have resulted in substantial emotional distress to Petitioner.
 

 Respondent perpetually harasses Petitioner. For example, between June 5, 2010, and June 6, 2010, Respondent called Petitioner’s mobile phone approximately 290 times and left multiple harassing messages. Respondent had no legitimate reason for contacting Petitioner in this manner. Respondent also demonstrates similar behavior via email and text-messaging. These actions have had serious, negative professional repercussions for Petitioner, including adverse performance evaluations based on the Respondent’s actions.
 

 Also on June 6, 2010, after Petitioner refused to speak with her, Respondent drove for an hour and a half to Petitioner’s residence and stole Petitioner’s automobile. Petitioner and Respondent are separated, and Respondent had no right to take Petitioner’s vehicle. As a result, Petitioner did not have transportation to go to work the next day, and Petitioner’s employment was put at further risk.
 

 Respondent has also engaged in a willful, malicious, and repeated pattern of stalking Petitioner. Among other things, Respondent has followed Petitioner and confronted him in public locations. Respondent has also pursued Petitioner in her vehicle. These events have often occurred in public and at times with the Parties’ children present. Respondent frequently tracks Petitioner by using personally identifiable information such as his social security number and website password. With this information, Respondent either calls up Petitioner’s bank using an automated system or hacks into Petitioner’s internet accounts to track Petitioner down by the location of his latest purchases. Respondent used this method to follow Petitioner over 260 miles, from Spring Hill to Boynton Beach, Florida, where Petitioner was visiting siblings.
 

 Respondent’s actions have forced Petitioner’s mother, two sisters, and brother to change their home and mobile telephone numbers. Petitioner changed his extension at work to prevent harassment, but Respondent repeatedly calls Petitioner’s co-workers and supervisor to get his number. Respondent has caused Petitioner to be reprimanded at work for her constant calls. Respondent’s actions have caused Petitioner and Petitioner’s co-workers difficulty in completing their assignments and have created a backlog in the phone system at Petitioner’s work.
 

 Petitioner’s supervisor has advised him that, because of Respondent’s interference, Petitioner may need to find a new job.
 

 Respondent’s actions have increased steadily in frequency since December 2009.
 

 Husband asserted that he had reported “[t]his or other acts” to the Tampa Police Department and that Wife had “a history of mental health problems.” He also asserted that he had filed a petition for dissolution of marriage in Hernando County, Florida in March of 2010, which was pending.
 

 The trial court entered a temporary injunction for protection against domestic violence, scheduling a hearing to be held
 
 *434
 
 on June 22, 2010. Thereafter, the trial court, based upon the parties’ stipulation, entered another temporary injunction for protection against domestic violence, adjusting the terms of the temporary injunction and scheduling a hearing to be held on July 20, 2010. On July 20, 2010, the trial court conducted a hearing, during which it heard testimony from numerous witnesses. At the conclusion of the hearing, the trial court found:
 

 All right, I find that the evidence is insufficient to issue an injunction, although I certainly believe that the petitioner has suffered from emotional turmoil as a result of the separation and, as you term it, the potential loss of his family. You know, I recognize there was a flurry of phone calls after the parties spent Memorial Day weekend together and were planning ... further marriage counseling and a cruise, but ... collectively the isolated incidences don’t constitute from my view a sufficient basis to issue an injunction for harassment or stalking. I am not able to issue an injunction to address the family law issues solely for that purpose with the dissolution pending. There’s case law that prohibits me from doing that, that’s why I tried to see if /all could stipulate to that. I’m not issuing the injunction.
 

 Although we agree with Husband that he offered evidence to support his allegations and claims, the trial court was not persuaded. We are not in a position to substitute our judgment for that of the trial court.
 

 AFFIRMED.
 

 GRIFFIN, SAWAYA and COHEN, JJ., concur.